United States District Court
Southern District of Texas
**ENTERED**
May 23, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH W. HILL, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-1744 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## MRMORANDUM AND ORDER

This case is before the Court on Petitioner Joseph W. Hill's Petition for Writ of Habeas Corpus, and Respondent Lorie Davis' Motion to Dismiss. Having carefully considered the Petition, the Motion, and the arguments and authorities submitted by the parties, the Court is of the opinion that Respondent's Motion should be GRANTED, and Hill's Petition for Writ of Habeas Corpus should be DENIED.

I. **Background**

Hill pled guilty to aggravated robbery in the 179th Judicial District Court of Harris County, Texas. On August 2, 2012, that court sentenced him to 30 years imprisonment.

On April 4, 2013, Hill filed a notice of appeal. On May 9, 2013, Texas' Fourteenth Court of Appeals dismissed Hill's appeal for failure to file a timely notice of appeal. *Hill v. State*, No. 14-13-00338-CR, 2013 WL 1928796 (Tex. App. – Houston [14th Dist.] May 9, 2013). The Texas Court of Criminal Appeals ("TCCA") denied Hill's petition for discretionary review on August 21, 2013.

Hill filed a state application for a writ of habeas corpus on October 2, 2013. SH-01 at 11.[1] The application was dismissed because the Court of Appeals had not yet issued a mandate when Hill filed his application. SH-01 at cover at Action Taken page; Motion to Dismiss at Exh. A (showing Mandate issued on October 10, 2013).

On July 24, 2014, Hill filed a second state habeas corpus application. SH-02 at 18. The TCCA denied this application without written order on June 3, 2015. *Id.* at Action Taken page. Hill filed this federal petition on June 13, 2015. Respondent now moves to dismiss the petition on the grounds that the petition is barred by the statute of limitations.

## II.     Analysis

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a State prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of *certiorari* with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

Hill failed to file a timely notice of appeal. His untimely notice of appeal did not delay the date on which his conviction became final. *See, e.g., Foreman v. Dretke*, 383 F.3d 336, 341 (5th Cir. 2004)(only a timely appeal delays the date on which the conviction becomes final). Thus, Hill's conviction became final on September 1, 2012, 30 days after sentencing, when the

---

[1]     "SH" refers to the proceedings of Hill's state habeas corpus application.

time expired for Hill to appeal.  Absent tolling, the statute of limitations expired on September 1, 2013.

28 U.S.C. § 2244(d)(2) provides that the statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . .."  Hill did not file his state habeas corpus application until October 2, 2013.  By that time, there was no limitations period left to toll.

### A.   Out-of-Time Notice of Appeal

Hill argues, however, that the trial court granted him leave to file an out-of-time appeal. Based on this, he argues that his limitations period did not begin to run until the TCCA refused his petition for discretionary review on August 21, 2013.  Alternatively, he argues that he is entitled to equitable tolling.

The parties agree that, if Hill was granted leave to file an out-of-time appeal before filing his federal habeas petition, his conviction would not have become final until the completion of his out- of-time appeal.  *See Jimenez v. Quarterman*, 555 U.S. 113 (2009).  Hill contends that he was granted leave to file an out of time appeal.  Respondent disagrees.

Hill bases his argument that he received leave to file an out-of-time appeal on a form signed by the trial court on April 22, 2013,[2] stating that Hill's conviction was not based on a plea bargain, and he therefore had the right to appeal.  Supp. CR at 1.[3]  The document, however, says nothing about granting leave to file an out-of-time notice of appeal and appears merely to correct

---

[2]   The document is erroneously hand-dated April 22, 2012, but the Clerk's file stamp on the document establishes that it was actually entered in April 2013.

[3]   "Supp. CR" refers to the Supplemental Clerk's Record.

an earlier version of the form that incorrectly stated that Hill waived his right to appeal pursuant to a plea bargain.  CR at 63.[4]

Respondent notes that the 14th Court of Appeals dismissed Hill's appeal as untimely. That court further noted that "[i]f [Hill] is seeking an out-of-time appeal from his felony conviction, he must file his application for writ of habeas corpus with the Texas Court of Criminal Appeals."  *Hill*, 2013 WL 1928796 at *1.  This is because it is clearly established under Texas law that appellate courts lack jurisdiction to review the merits of a criminal appeal if the notice of appeal is untimely.  *See*, *e.g.*, *State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996)(en banc); *Garza v. State*, 896 S.W.2d 192, 194 (Tex. Crim. App. 1995)(en banc).  Moreover, Texas case law establishes that the proper vehicle for seeking leave to file an out-of-time appeal is through a writ filed under Texas Code of Criminal Procedure article 11.07.  *See*, *e.g.*, *Ashorn v. Texas*, 77 S.W.3d 405, 409 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd); *Rivera v. State*, 940 S.W.2d 148, 149 (Tex. App.–San Antonio] 1996).  While Hill complains that the Texas habeas corpus statute does not state that a writ is the proper avenue for seeking an out of time appeal, ample case law predating Hill's untimely notice of appeal, including that cited above, so states.

Because Hill never properly sought leave to file an out-of-time appeal, he cannot have received leave to do so.  Therefore, Hill's conviction became final on September 1, 2012.  By the time Hill filed his first state application for a writ of habeas corpus, on October 2, 2013, the AEDPA statute of limitations was already expired, and there was thus no time left for the state application to statutorily toll.

---

[4] "CR" refers to the Clerk's Record.

### B. Equitable Tolling

Hill also argues that he is entitled to equitable tolling on two grounds: He contends that the Supreme Court's decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) creates an equitable exception to the statute of limitations, and he claims that he was actively misled by the State causing delay in his filing his state and federal habeas corpus petitions.

The AEDPA statute of limitations is not jurisdictional, and is subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting his rights. "But, a garden variety claim of excusable neglect by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted).

1. *Martinez*

In *Martinez*, the Supreme Court carved out a narrow equitable exception to the rule that a federal habeas court cannot consider a procedurally defaulted claim of ineffective assistance of counsel.

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim . . . where appointed counsel in the initial-review collateral proceeding . . . was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 . . . (1984).

*Martinez v. Ryan*, 132 S.Ct. 1309, 1318-19 (2012). By its own terms, *Martinez* applies only to procedural defaults, not time bars, resulting from ineffective assistance of state habeas counsel. In this case, Hill is trying to avoid the effects of the statute of limitations, not of a procedural default. Accordingly, *Martinez* is inapplicable to the issue presented in this case.

2. <u>Misled by the State</u>

Hill also contends that the trial court actively misled him by certifying that he had a right to appeal and appointing an attorney to represent Hill after Hill filed his out-of-time notice of appeal. Hill argues that the clock should be tolled until August 21, 2013, the date on which his PDR from the Court of Appeals' dismissal of his appeal was refused. If that is the date on which the clock began to run, then this petition would be timely.

As discussed above, however, the trial court's certification of Hill's right to appeal says nothing about granting leave to file an out-of-time notice of appeal. Rather, the document merely certifies that Hill did not waive his right to appeal as a result of a plea bargain. Hill's confusion as to the meaning of the certification might constitute excusable neglect, but it does not demonstrate that he was actively misled or otherwise impeded by the State. It therefore does not entitle Hill to equitable tolling.

Hill also alleges that he was misled by his attorney, who never advised him of his right to appeal. This is, in essence, a claim of ineffective assistance of counsel. As discussed above, however, Hill cites no case law holding that ineffective assistance of counsel can excuse an untimely petition. Hill therefore fails to identify any grounds for equitable tolling.

**III**     **<u>Conclusion</u>**

For the foregoing reasons, respondent's motion to dismiss is granted and Hill's petition for a writ of habeas corpus is dismissed with prejudice.

**IV.**     **<u>Certificate of Appealability</u>**

Hill has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing ruling. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to

deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

The Supreme Court has stated that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered Hill's petition. The Court finds that jurists of reason would not find it debatable that the petition is foreclosed by the statute of limitations. This Court therefore concludes that Hill is not entitled to a certificate of appealability.

## V.   Order

For the foregoing reasons, it is ORDERED as follows:

A.   Respondent Lorie Davis' Motion to Dismiss (Dkt. No. 8) is GRANTED;

B.   Petitioner Joseph W. Hill's Petition for Writ of Habeas Corpus (Dkt. No. 1) is DISMISSED AS TIME-BARRED; and

C.   No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 23rd day of May, 2016.

_____
Kenneth M. Hoyt
United States District Judge